IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

HARRY HOLLEY, et al.,

                    Plaintiffs,

v.                                        CIVIL ACTION NO.  5:06-cv-00425

JIMMY HARPER, et al.,

                    Defendants.

**MEMORANDUM OPINION**

       This is a tort action for compensatory and punitive damages brought by the plaintiffs, Harry and Nancy Holley, ("Holleys") against the defendants, Danny, Jimmy and Vanessa Harper ("Harpers") for alleged personal injuries resulting from a motor vehicle accident that occurred on November 13, 2004.  The plaintiffs' medical insurer, the United Mine Workers of America Health and Retirement Funds' Benefit Plan ("UMWA"), a named defendant in this action, has placed a lien on the settlement proceeds asserting a right to subrogation for medical expenses paid on behalf of their insureds, the Holleys.  The Holleys seek to invalidate that lien by contesting the UMWA's right to subrogation.

       This action was initiated in the Circuit Court of Raleigh County in 2005.  On May 30, 2006, the UMWA, which accepted service of the instant complaint on May 1, 2006[1], removed this suit

---

[1] The Holleys previously obtained a default judgment against the UMWA on February 24, 2005. [Docket No. 1 Ex. 3, p.5].  On March 15, 2006, the UMWA moved to set aside that default judgment for improper service of process.  On April 28, 2006, The Circuit Court of Raleigh County
(continued...)

pursuant to 28 U.S.C. §§ 1441 and 1331, asserting that the plaintiffs, in an attempt to avoid their "subrogation obligations" under the UMWA 1992 Medical Benefits Plan ("plan"), raised a question of federal law that is exclusively within the province of the federal courts.  [Docket No. 8 p.1]. Specifically, Count III of the complaint asserts that the UMWA's lien is invalid because the plan "does not contain the applicable language to allow for subrogation against the insured."  [Docket No. 1, Ex. 2 p.26].  The Holleys also allege that the UMWA is "unlawfully interfering" with their right to "monetary compensation" [Docket No. 1 ¶ 27], and "demands" that they "not be required to subrogate the UMWA for medical expenses incurred as a result of the accident." [Docket No. 1 p.2].  In addition, the Holleys seek "compensatory and punitive damages, costs incurred, attorneys fees" and "general and equitable relief in an amount no less than $100,000."  [Docket No. 1, Ex. 2 p.4].

The parties apparently do not contest that the UMWA 1992 Medical Plan is the controlling insurance policy or that the UMWA covered the Holleys' medical expenses.  The UMWA does argue, however, that Count III of the plaintiffs' complaint seeks an exclusive remedy under § 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. § 1001 et seq., therefore making removal of this action proper pursuant to 28 U.S.C. § 1441.

### DISCUSSION

I. Federal Question Jurisdiction

The federal question jurisdictional statute, 28 U.S.C. § 1331, gives the district court original jurisdiction of "all civil actions arising under the laws of the Constitution, laws or treaties of the

---

[1](...continued)
granted the motion.  [Docket No. 1 Ex. 3, p.24].  According to the UMWA's notice of removal, the UMWA was properly served on May 1, 2006. [Docket No. 1 ¶ 1].

United States."  The scope of this jurisdiction is governed by a basic principle known as the "well pleaded complaint rule."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  In short "[f]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Id.

Under 28 U.S.C. § 1441(a), any action in state court "of which the district courts of the United States have original jurisdiction" may be removed to federal court, assuming that the procedural requirements of 28 U.S.C. § 1446, not in dispute here, are met.  The party seeking removal bears the burden of establishing the facts necessary to support removal. Singh v. Prudential Health Care Plan, Inc., 335 F.3d 278, 280 (4th Cir. 2003).  When assessing whether an action can be properly removed, the salient question is whether the action originally could have been filed in federal court.  See Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005).

The well pleaded complaint rule implicates two jurisdictional principles that are critical to this removal.  First, it is well settled that federal question jurisdiction may not be based on an anticipated federal defense.  Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 14 (1983).  Second, because federal question jurisdiction is limited to the plaintiff's complaint, the well pleaded complaint rule makes the plaintiff "master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  Caterpillar, 482 U.S. at 392.  "It is this second principle that makes removal jurisdiction . . . a different animal than original federal question jurisdiction."  E. States Health & Welfare Fund v. Philip Morris Inc., 11 F. Supp. 2d 384, 390 (S.D.N.Y. 1998).  Simply put, if a plaintiff files in federal court, he is relying on federal law and thus the only jurisdictional issue is whether he has a valid federal claim. See id.  "On the other hand, when a plaintiff files in state court and purports to raise only state law claims, for the federal court

to assert jurisdiction it has to look beyond the complaint and recharacterize the plaintiff's claims, which places the assertion of jurisdiction directly at odds with the principle of plaintiff as master of the complaint." Id.  This is a civil action for personal injuries brought against the driver and owners of the Harper vehicle and the plaintiffs' medical insurer, which assuredly does not arise under the Constitution, laws or treaties of the United States, and because plaintiffs' complaint does not itself rely on federal law, its removal may not be based on the UMWA's intent to use federal law as a defense to Count III.  [Docket No. 1 Ex.1]; See Franchise Tax Bd., 463 U.S. at 14.

A.  The Complete Preemption Doctrine

There is, however, a limited exception to the well pleaded complaint rule, known as the "complete preemption doctrine" which provides that, where Congress has completely preempted a given area of state law, a plaintiff's state law claim will be "recharacterized" as a federal claim so that removal becomes proper.  Avco Corp. v. Aero Lodge No. 735 Int'l Ass'n of Machinists and Aerospace Workers, 390 U.S. 557, 560 (1968).  It is vital here to note that the UMWA's assertion that the state law upon which plaintiffs rely in their complaint is preempted by federal law is normally a defense that does not support federal question jurisdiction.  See Caterpillar, 482 U.S. at 392;  Singh, 335 F.3d at 280.  "However, in certain circumstances, the preemptive force of a statute is so extraordinary that it converts an ordinary state common-law [claim] into a federal claim for purposes of the well pleaded complaint rule."  Caterpillar, 482 U.S. at 392.

The Supreme Court of the United States has determined that all state claims falling within the scope of § 502(a) of ERISA, 29 U.S.C. § 1132(a), are preempted under the complete preemption doctrine.  Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987);  Singh, 335 F.3d at 281.

4

"The provisions of § 502(a) of ERISA authorize plan participants or beneficiaries to file civil actions to, among other things, recover benefits, enforce rights conferred by an ERISA plan, remedy breaches of fiduciary duty, clarify rights to benefits, and enjoin violations of ERISA." Marks v. Watters, 322 F.3d 316, 323 (4th Cir. 2003).

There is a second federal "preemption" doctrine. This doctrine serves as a federal defense but does not confer federal question jurisdiction, and has been referred to as "conflict preemption" by several courts of appeals. Singh, 335 F.3d at 293; Speciale v. Seybold, 147 F.3d 612, 615 (7th Cir. 1998) (cited in Arana v. Ochsner Health Plan, 338 F.3d 433, 440 (5th Cir 2003). This type of preemption is based upon § 514(a) of ERISA, which preempts any state law that may "relate to" an ERISA plan, but does not provide a basis for federal jurisdiction. Id.

B.  Whether Count III of Plaintiffs' Complaint is a Claim for Benefits Under § 502(a) of ERISA

As a preliminary matter, there is little question that the UMWA is invoking a federal defense. The UMWA will seek to defend Count III by arguing that the plan contains a subrogation clause that confers a valid right to at least a portion of the settlement proceeds, the resolution of which presumably would require the court to review the clause itself. However, the salient jurisdictional question before the Court is not whether the plan contains a valid subrogation clause, but whether Count III can be recharecterized as one in which the Holleys seek to recover benefits allegedly due to them under the plan, thus implicating § 502(a) of ERISA.

 Not surprisingly, the UMWA argues that Count III of the complaint indeed seeks benefits under § 502(a), thus triggering the complete preemption exception to the well pleaded complaint rule. Specifically, the UMWA asserts "there can be no dispute that the subrogation sought by [UMWA] arises from the [UMWA] Benefit Plan . . . . [and] as a result [p]laintiff's request for relief

is preempted by ERISA and solely within the jurisdiction of this Court." [Docket No. 8 p.1-2].  This reasoning is flawed.  Whether the UMWA is seeking benefits under the plan is irrelevant to this analysis because only a beneficiary or participant has standing to seek benefits under § 502(a) of ERISA.  See 29 U.S.C. § 1132(a).

Alternatively, the UMWA references Singh v. Prudential Health Care Plan, Inc., 335 F.3d 278 (4th Cir. 2003) to support a basis for removal.  In Singh, plaintiffs filed a class action in state court seeking a declaratory judgment that the subrogation provision contained in the Prudential Health Care Plan ("Prudential") was illegal under the Maryland HMO Act.  Id. at 281.  The plaintiffs' complaint sought, among other things, a declaratory judgment that HMO class members need not pay subrogation claims asserted against them by Prudential, an equitable award of restitution for subrogation amounts already paid by HMO members, and an injunction against future violations, including a prohibition against Prudential from increasing premiums and co-payments. Id. at 290.

Prudential removed the action and plaintiffs moved to remand.  The district court denied the plaintiffs' motion, holding that the relief sought in state court would impermissibly compete with the remedies provided under § 502(a) of ERISA and therefore completely preempted.  Id. at 286. On appeal, the Court of Appeals for the Fourth Circuit affirmed the district court's federal question jurisdiction, and held "for the purposes of complete preemption under § 502(a), a claimant who is denied a benefit is no different *than a claimant who is faced with an invoice from the insurer for the return of a benefit paid* or a claimant who has paid such an invoice, because resolution in each case requires a court to determine entitlement to a benefit under the lawfully applied terms of an ERISA plan."  Id. at 291 (emphasis added).  Thus, the Singh court concluded that a plaintiff seeking to

6

negate a plan's subrogation clause is actually seeking to preserve the full value of his or her benefits under the plan. Id. at 291.

The UMWA argues that the Holleys, like the plaintiffs in Singh, seek the same declaratory relief and therefore Count III is completely preempted under § 502(a). Id. The Fourth Circuit has unequivocally held that where a plaintiff's state law claim cannot be resolved without passing on the validity of a subrogation provision of an ERISA plan, that claim is within the scope of § 502(a). Singh, 335 F.3d at 291. Thus, this Court must determine whether Count III can be resolved without ruling on the "validity, interpretation or applicability" of the plan's subrogation clause. Id. The Court finds that it cannot.

Under the reasoning of Singh, the Holleys are seeking a benefit under the plan, to wit, because they are challenging the validity of the subrogation clause, they are seeking to retain the full value of their benefits in the face of the UMWA's lien seeking a return of a portion of those benefits. Id. at 291. The Fourth Circuit has held that the time at which a claim is filed under the plan is irrelevant to whether a claim is a claim for benefits, holding that "when the validity, interpretation or applicability of a plan term governs the participant's entitlement to a benefit or its amount, the claim for such a benefit falls within the scope of § 502(a)." Id. In so holding, this Circuit has impliedly rejected the reasoning of the Seventh Circuit, which has held that removal is improper under § 502(a) if no direct payment is sought from the plan. Id. at 291 (citing Speciale v. Seybold, 147 F.3d 612, 614 (7th Cir. 1998); see also Blackburn v. Sundstrand Corp., 115 F.3d 493, 494 (7th Cir. 1997).

The plaintiffs' request for relief, specifically, a declaration that they "not be required to subrogate the UMWA for medical expenses incurred as a result of the accident." [Docket No. 1 p.2],

cannot be addressed without at least determining the applicability of the subrogation clause in the instant action.  In addition, the Holleys seek "compensatory and punitive damages, costs incurred, attorneys fees" and "general and equitable relief in an amount no less than $100,000," alleging that the plan has "unlawfully interfer[ed]" with their right to "monetary compensation."  [Docket No. 1 ¶ 27].  The majority of these remedies are completely preempted by § 502(a).

This court, however, is mindful of a rather plain distinction between this case and the <u>Singh</u> case.  Unlike the Holleys, the <u>Singh</u> plaintiffs filed a state court action for the <u>sole</u> <u>purpose</u> of determining the legality of an ERISA plan's reimbursement provision under state law.  The plaintiffs argue that this distinction brings the UMWA's federal defense within the scope of conflict preemption under § 514(a) and not § 502(a). [Docket No. 6 p.6 ¶ 2].  However, the Court cannot ignore the applicable and binding precedent of this Circuit under <u>Singh</u>.

II.  <u>Supplemental Jurisdiction</u>

There is thus a single viable federal claim in this case, the § 502(a) claim asserted against the UMWA.  The question then becomes whether the Court should exercise supplemental jurisdiction over the remaining common law negligence claims against the Harpers.  <u>See</u> 28 U.S.C.§ 1367.  The parties have failed to address this issue in their papers.

The scope of a Court's supplemental jurisdiction is set forth in 28 U.S.C.§ 1367, which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims of the action that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367.

8

"Supplemental jurisdiction is a doctrine of discretion, not of right." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).  Section 1367(c)(2) provides that a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the claim substantially predominates over the claim or claims over which the district court has original jurisdiction."  Thus, "a district court's discretion to decline to exercise jurisdiction under § 1367(c)(2) exists with respect to removed cases; consequently, after removal, the court may remand any state claim it determines should not be adjudicated in federal court."  Pinnoak Res., LLC v. Certain Underwriters at Lloyds London, 394 F. Supp. 2d 821, 828 (S.D. W. Va. 2005).

While the common law negligence claims are sufficiently related to the § 502(a) claim, it cannot be seriously questioned that the former will dominate the latter in any trial in this action.  The proof relative to the plaintiffs' claims against the Harpers will comprise the bulk of the evidence in this case.  The negligence claims, specifically, issues relevant to causation and liability, are more complex and require more judicial resources to adjudicate than the federal claim and are more salient to the case as a whole than is the federal question.  In addition, the § 502(a) claim will not become pertinent unless the Harpers are found liable or the parties decide to settle.  Section 1362(c)(2) should be invoked "where a state claim forms the real body of the case, to which the federal claim is only an appendage."  Borough of West Mifflin v. Lancaster, 45 F.3d 780, 789 (3rd Cir. 1995). Here, the consideration of the merits of the federal claim will be, at best, a tertiary aspect of the proceeding.  In addition, "considerations of judicial economy, convenience and fairness to the litigants" weigh in favor of remanding the state law claims, as this case is more than one year old, substantial discovery has already taken place, and the case is currently set for trial in May, 2007. See Gibbs, 383 U.S. at 726

Accordingly, the Court: 1) **GRANTS** in part and **DENIES** in part the plaintiffs' motion to remand [Docket No. 5]; 2) **RETAINS** jurisdiction over Count III of the instant complaint; and 3) **REMANDS** Counts I and II of the complaint to the Circuit Court of Raleigh County for adjudication pursuant to 28 U.S.C. § 1367(c)(2).

Further, liability, if any, on Count III is completely contingent on the outcome of the state court proceedings on Counts I and II, i.e., if the Harpers are found not liable, then there is no subrogation claim in any event.  Accordingly, the Court **VACATES** the current scheduling order, **STAYS** this civil action pending resolution of the state court proceedings on the remanded portion of the case, and **ORDERS** that counsel notify the Court when such a resolution occurs.  The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion to counsel of record and any unrepresented party.

**IT IS SO ORDERED.**

ENTER:        February 21, 2007

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

10